PETER CLIPPENGER, *et al.*, v. HIRAM C. HASTINGS.

COVENANT OF WARRANTY; *Failure of Consideration; Competency of Evidence.* C. conveyed by deed, with covenants, two certain pieces of land to M. M. conveyed one of said pieces of land to H. H. was afterward evicted. H. then sued C. on the covenants. The deed from C. to M. expressed a consideration of $575. On the trial it was shown that $375 thereof was for the piece of land conveyed to H. and $200 thereof was for the other piece of land; but C. offered to prove, that there was in fact no consideration for said deed except a worthless and useless patent-right, and that H. knew it when he purchased his said land. *Held,* That such testimony was competent, and that it was error to exclude it; that if C. in fact received no consideration from M., and if H. in fact knew this at the time of his said purchase, he cannot recover anything from C. on C.'s said covenants.

*Error from Nemaha District Court.*

ALL necessary facts appear in the subjoined opinion. *Hastings,* plaintiff, recovered judgment against *Clippenger* and wife, at May Term 1876 of the district court, and defendants bring the case here.

*Joseph Sharpe,* for plaintiffs in error.

*Simon Conwell,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action for the recovery of damages for the breach of certain real covenants. On the 16th of January 1869, Peter Clippenger and wife sold and

conveyed to Aaron W. Manchester two certain parcels of land. The consideration expressed in the deed for both parcels, taken together, was $575. What the consideration for either piece taken alone was, is not shown. The deed also contained the following covenants, to-wit:

"And the said Peter Clippenger and wife do hereby covenant and agree, that at the delivery hereof they are the lawful owners of the premises above granted, and seized of a good and indefeasible estate of inheritance therein, free and clear of all incumbrances, and that they will warrant and defend the same in the quiet and peaceful possession of said party of the second part, his heirs and assigns, forever."

Afterward Manchester and wife sold and conveyed by deed one of said pieces of land to Hiram C. Hastings. Afterward Hastings was evicted therefrom; and he then commenced this action against Clippenger and wife for breaches of their said covenants. He did not make Manchester a party to the suit. On the trial of the case it was shown that the consideration of $575 expressed in the conveyance from Clippenger to Manchester was made up of $375 for the piece of land which Manchester conveyed to Hastings, and of $200 for the other piece of land. But Clippenger offered to prove by his own testimony as follows:

"That the only and sole consideration that he has received for said conveyance was a worthless and useless patent-right called 'Calkins' patent fence;' that said conveyance was only obtained by believing the false and fraudulent representations of said A. W. Manchester as set forth in his (Clippenger's) answer, the allegations whereof he offered to testify were true, and that plaintiff (Hastings) had notice thereof when he purchased said land."

The district court decided such testimony improper, and ruled it out; and said court rendered judgment in favor of Hastings and against Clippenger and wife, and they now bring the case to this court. Several questions are raised in this court, but we do not think that it is necessary to decide any of them except the one whether said evidence was correctly or incorrectly ruled out. We think the evidence should have been admitted. If in fact Clippenger received

no consideration for his land from Manchester, and if in fact Hastings at the time of his purchase knew it, Hastings cannot recover in this action. Nor can he recover anything from Clippenger and wife in any other action. Under such circumstances Hastings stands in no better condition than his grantor, Manchester, does.

The judgment of the court below will be reversed.

All the Justices concurring.